## Case No. 13,648.

### SUTTON v. MANDEVILLE.

[1 Cranch, C. C. 2.][1]

Circuit Court, District of Columbia. April Term, 1801.

PARTNERSHIP—BALANCE—PROOF OF—PARTNERSHIP BOOKS—SET-OFF.

1. Parol evidence cannot be given of a statement of an account by a master in chancery in a suit pending in another court.

2. In an action at law by one partner against the other the partnership book kept by the defendant is not evidence against the plaintiff, although it had been in his possession.

3. The defendant cannot set off a joint judgment recovered by himself and wife (for slander of the wife) against the plaintiff.

[2] [From 18 Law Rep. 550.]
[1] [Reported by Hon. William Cranch. Chief Judge.]

Debt on a promissory note [by John Sutton against John Mandeville]. Nil debet, and issue. James Keith was sworn on the part of the defendant to prove that he was appointed a commissioner by the high court of chancery of Virginia to state the partnership accounts between plaintiff and defendant, and that there was a balance due from plaintiff to defendant.

Mr. Mason, for plaintiff, prayed the court to instruct the witness that he was not to say any thing to the jury on the subject of any statement of the accounts made by him as a commissioner, a bill having been filed in the high court of chancery of Virginia to compel a settlement of the accounts.

THE COURT gave the instruction as prayed, because the report of the commissioner was of no authority unless it had been ratified by a decree of the chancellor; and if it had been so ratified, it ought to be produced and proved as a record from chancery.

Mr. Swann, for defendant, offered the books of the partnership to prove that the plaintiff had credit on the partnership books for the amount of the note. It was admitted that the books were kept by the defendant, but that the ledger in which it was credited had been in the possession of John Sutton, the plaintiff, but the entry was not in his handwriting, nor any proof offered that it was made with his consent.

THE COURT refused to permit the book to go in evidence to the jury.

The defendant's counsel then offered to offset a judgment obtained against the plaintiff in an action of slander, by defendant and his wife, for slander of the wife.

Mr. Mason, for plaintiff, objected that this judgment was in right of the wife, and could not be offset against a debt due from him in his own right. If the wife survives the husband the judgment survives to the wife. Oglander v. Baston, 1 Vern. 396; 2 Com. Dig. 85, tit. "Baron & Feme," F, 1; Bond v Simmons. 3 Atk. 20.

Mr. Swann, for defendant. By the law of Virginia, 4th December. 1786, § 4 (Ed. 1803, p. 37), the plaintiff must allow all just discounts. Picket v. Morris, 2 Wash. [Va.] 255. A discount may be produced at the trial. The judgment will not survive to the wife. A bond, if due to the wife dum sola, and reduced to a judgment before the death of the husband, will not survive to the wife, but go to the executors of the husband. Obrian v. Ram, 3 Mod. 189; Miles' Case, 1 Mod. 179; Butler v. Delt, Cro. Eliz. 844.

THE COURT refused to suffer the judgment of Mandeville and his wife to be given in evidence as a discount to the debt due by Mandeville alone.

[See Cases Nos. 13,649–13,651.]